IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA — MACON DIVISION

JEFFREY ALISON LAMBETH,

                    *Plaintiff*,

        —v—

CAVALRY SPV I LLC, *and*
ROOSEN VARCHETTI & OLIVIER - GA PLLC,

                    *Defendants*.

Civil Action File Number
_____
(Jury Trial Demanded)

# COMPLAINT

COMES NOW by counsel your plaintiff JEFFREY ALISON LAMBETH (hereafter 'Plaintiff') and shows as follows for his *Complaint* against the defendants CAVALRY SPV I LLC and ROOSEN VARCHETTI & OLIVIER - GA PLLC (collectively hereafter 'Defendants') to recover damages, attorneys fees, and costs for deceptive, unfair, and tortious consumer debt collection practices when Defendants caused service of process upon JEFFREY ALISON LAMBETH, the Plaintiff herein, instead of causing service of process upon the Defendant's real and true defendant who is Jeffrey L. Lambeth:

## I.  INTRODUCTION

1.  Plaintiff brings this action to recover actual and statutory damages, and reasonable attorney's fees and costs, pursuant to the FAIR DEBT COLLECTION PRACTICES ACT, 15 USC § 1692 *et seq.* (hereafter 'FDCPA'); and, in addition to all

other remedies, to recover actual, treble, and exemplary damages, and reasonable attorneys fees and costs, pursuant to the FAIR BUSINESS PRACTICES ACT, OCGA § 10-1-390 *et seq*., (hereafter 'FBPA'); to recover punitive damages and reasonable attorneys fees and costs under the UNFAIR OR DECEPTIVE PRACTICES TOWARD THE ELDERLY ACT, OCGA § 10-1-850 *et seq*. (hereafter 'UDPTEA'); and to recover punitive damages and reasonable attorney fees and costs pursuant to Georgia tort law (OCGA § 16-5-100 *et seq*. and OCGA § 51-1-6, -7, & -8).

2.   Plaintiff seeks these remedies because Defendants intentionally, recklessly, and/or negligently commandeered and took Plaintiff's resources, including his time, attention, and money, by causing a Jones County deputy sheriff to serve JEFFREY ALISON LAMBETH with a summons, and haled him into BIBB COUNTY MAGISTRATE COURT in an attempt to compel him, by default, intimidation, or coerced settlement, to pay a debt which he did not owe and which someone else, namely Jeffrey L. Lambeth, had incurred for his own personal, family, or household purposes.

## II.  PARTIES

3.   JEFFREY ALISON LAMBETH, your Plaintiff, is a natural person whose age at all times relevant to his *Complaint* exceeded sixty-five years.

4.   Plaintiff was at all times relevant to this *Complaint* a resident of Jones County, Georgia.

5. Plaintiff at all times relevant to this *Complaint* is a "consumer" as defined by the FDCPA and the FBPA.

6. Plaintiff at all times relevant to this *Complaint* is an "elder" as defined by the UDPTEA, the DISABLED ADULTS AND ELDER PERSONS PROTECTION ACT, OCGA § 30-5-1 *et seq*. ('DAEPPA'), and by OCGA § 16-5-100 *et seq*.

7. Defendant CAVALRY SPV I, LLC (hereafter 'Cavalry'), is a foreign, limited liability company organized in Delaware for profit, principally by purchasing defaulted consumer debt for collection including through legal actions brought under its own name.

8. Cavalry is registered with the Secretary of State of Georgia who issued to it a Certificate of Authority to conduct its debt collection business in Georgia.

9. The registered agent for Cavalry is C T CORPORATION SYSTEM who's registered office is 289 S Culver St, Lawrenceville, GA 30046-4805.

10. Cavalry at all times relevant to this *Complaint* is a "debt collector" as defined by the FDCPA because it used the instrumentalities of interstate commerce, including but not limited to the United States Postal Service, in a business the principle purpose of which is the purchase of debt for collection, including the debt above described and alleged to be owed to Jeffrey L. Lambeth.

11. ROOSEN VARCHETTI & OLIVIER - GA PLLC (hereafter 'RVO') is foreign, limited liability company organized under the laws of Michigan to profit principally from the practice of law by collecting consumer debt for others through

legal actions brought principally to secure default judgments or to coerce settlements from unsophisticated consumers.

12.   RVO is registered with the Secretary of State of Georgia who issued to it a Certificate of Authority to conduct its business in Georgia.

13.   The registered agent for service of process for RVO is Matthew Peterson whose registered office is located at 1863 Grandview Cir, Atlanta, GA, 30316.

14.   RVO at all times relevant to this *Complaint* is a "debt collector" as defined by the FDCPA because it used the instrumentalities of interstate commerce, including but not limited to the United States Postal Service, in a business the principle purpose of which is the purchase of debt for collection, including the debt above described and alleged to be owed to Jeffrey L. Lambeth.

15.   Cavalry was at all times relevant to this *Complaint* principal to its agent and attorneys at law, RVO, and is responsible to Plaintiff under the doctrine of *respondiat superior* for its own acts and omissions and for the acts and omissions of its agent RVO.

## III. JURISDICTION AND VENUE

16.   Plaintiff invokes the jurisdiction of this Court pursuant to 28 USC § 1331 and 15 USC § 1692k(d) to secure remedies for violations of federal law.

17.   Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 USC § 1367 to secure remedies for violation of Georgia law because the acts and

failures to act of the Defendants are so intimately related to Plaintiff's federal claims that they form a part of the same case or controversy.

18.  Venue is proper in this Court because the most substantial part of the events or omissions giving rise to Plaintiff's damages occurred in the Middle District of Georgia, to wit, Jones County and Bibb County, Georgia.

## IV.  BACKGROUND AND MATERIAL FACTS

19.  Effective June 2, 2014, GE CAPITAL RETAIL BANK changed its name to SYNCHRONY BANK (hereafter 'Synchrony').

20.  In July 2014 Synchrony extended credit to a natural person named Jeffrey L. Lambeth.

21.  Jeffrey L. Lambeth and Plaintiff are different natural persons.

22.  When it extended credit to Jeffrey L. Lambeth, Synchrony obtained personal identification information regarding Jeffrey L. Lambeth which information included his date of birth, social security number, and mailing or residence address.

23.  Jeffrey L. Lambeth incurred a debt to Synchrony to purchase electronic or other goods for personal, family, or household use.

24.  Jeffrey L. Lambeth did not pay the debt he incurred to Synchrony.

25.  Synchrony sold the debt to Cavalry.

26.     Synchrony provided to Cavalry personal identification information regarding Jeffrey L. Lambeth, including his date of birth, social security number, and mailing or residence address.

27.   Synchrony provided to Cavalry a copy of a statement of account with a closing date of 02/08/2015 which is depicted in **Exhibit A** hereto attached and by this reference incorporated here.

28.   Cavalry provided to RVO a copy of the statement of account depicted in **Exhibit A**.

29.   Cavalry provided to RVO the social security number and residence or mailing address of Jeffrey L. Lambeth.

30.   Cavalry and RVO both purchase consumer information services from which both could, if competently used, distinguish Jeffrey L. Lambeth from Plaintiff.

31.   Cavalry hired RVO to bring suit against Jeffrey L. Lambeth to collect the debt Jeffrey L. Lambeth owed originally to Synchrony.

32.   RVO drafted a *Statement of Claim* in which RVO named Cavalry as the party plaintiff and "Jeffrey Lambeth" as the defendant.

33.   RVO intentionally used the name "Jeffrey Lambeth" instead of "Jeffrey L. Lambeth" to identify its defendant in the *Statement of Claim.*

34.   RVO used the name "Jeffrey Lambeth" to identify the defendant in order to confuse persons subsequently reading and relying upon the *Statement of Claim*.

35.   RVO caused actual confusion among persons who read and relied upon the *Statement of Claim* regarding the identity of the "Jeffrey Lambeth" in the *Statement of Claim*.

36.   On or about August 1, 2016, RVO filed the *Statement of Claim* containing the name "Jeffrey Lambeth" with the BIBB COUNTY MAGISTRATE COURT.

37.   **Exhibit B** hereto attached depicts the *Statement of Claim* which RVO filed with the BIBB COUNTY MAGISTRATE COURT on or about August 1, 2016, and is by this reference incorporated here.

38. Herein above, and herein after the words 'the collection action' refer to the *Statement of Claim* depicted in **Exhibit B** and the legal action it commenced.

39.   RVO asked the Bibb County Sheriff's Department several times to serve "Jeffrey Lambeth" with summons and the collection action.

40.   Each time the Bibb County Sheriff attempted service, it reported to the BIBB COUNTY MAGISTRATE COURT and to RVO that "Jeffrey Lambeth" could not be found at the Bibb County address RVO provided for service of process.

41.   After multiple attempts to serve "Jeffrey Lambeth" in Bibb County and elsewhere, RVO requested the Bibb County Sheriff to serve "Jeffrey Lambeth" at 136 Big Oak Drive, Macon, GA 31211-7106.

42.    **Exhibit C** hereto attached depicts RVO's written request to the Bibb County Sheriff to serve "Jeffrey Lambeth" at 136 Big Oak Drive, Macon, GA 31211-7106; by this reference **Exhibit C** is incorporated here as if fully set forth.

43.  After filing the *Statement of Claim* and before requesting the Bibb County Sheriff to serve "Jeffrey Lambeth" at 136 Oak Drive, neither RVO nor Cavalry attempted to locate the Big Oak Drive address on a map showing the boundaries of Georgia's counties.

44.  Had RVO or Cavalry located the Big Oak Drive address on a map showing the boundaries of Bibb and Jones counties before making the request to the Bibb County Sheriff to serve "Jeffrey Lambeth" at the Big Oak Drive address, RVO or Cavalry would have located the Big Oak Drive address in Jones County.

45.  On or about June 8, 2018, the Bibb County Sheriff filed with the Bibb County Magistrate Court a *Sheriff's Entry of Service*, dated June 4, 2018, which is depicted in **Exhibit D** attached hereto and by this reference incorporated here.

46.  **Exhibit D** shows that the Bibb County Sheriff informed the Bibb County Magistrate Court and RVO that the Big Oak Drive address was located in Jones County.

47.  The Jones County Big Oak Drive address was never associated with Jeffrey L. Lambeth before RVO obtained service of process upon Jeffrey Alison Lambeth at the Big Oak Drive address in Jones County.

48.  Jeffrey Alison Lambeth has lived at the Big Oak Drive address since 2004.

49.  Jeffrey L. Lambeth has never lived at the Big Oak Drive address.

50.  RVO ignored the information contained in the *Sheriff's Entry of Service* dated June 4, 2018, filed June 8, 2018, and depicted in **Exhibit D**.

51.  Neither RVO nor Cavalry attempted to distinguish Jeffrey L. Lambeth from Jeffrey Alison Lambeth before serving Jeffrey Alison Lambeth with process at the Big Oak Drive address in Jones County.

52.  RVO intentionally ignored the middle initials of Jeffrey L. Lambeth and Jeffrey Alison Lambeth to obtain service of process upon Jeffrey Alison Lambeth.

53.  RVO recklessly ignored the middle initials of Jeffrey L. Lambeth and Jeffrey Alison Lambeth to obtain service of process upon Jeffrey Alison Lambeth.

54.  RVO requested the Jones County Sheriff to serve "Jeffrey Lambeth" at the Big Oak Drive address in Jones County with summons and the collection action.

55.  A Jones County Sheriff's deputy served Jeffrey Alison Lambeth with an unsigned summons and the collection action on July 1, 2018.

56.  **Exhibit E** hereto attached and incorporated here fairly depicts the *Sheriff's Entry of Service* for the Jones County Deputy Sheriff's service of process upon Plaintiff.

57.  Relying upon RVO's request for and the Jone County Sheriff's successful service at the Big Oak Drive address, someone at the BIBB COUNTY MAGISTRATE COURT altered the *Statement of Claim* to show a 136 Big Oak Drive address for "Jeffrey Lambeth."

58.  **Exhibit F** hereto attached and incorporated here fairly depicts the altered *Statement of Claim* and is by this reference incorporated here as if fully set forth.

59.   The public record erroneously now associates Plaintiff with Jeffrey L. Lambeth and his debt, date of birth, social security number, and address history.

60.   Plaintiff and personnel within the Jones County Sheriff's Department are personally acquainted and know each other.

61.   Defendants' request to the Jones County Sheriff's Department to serve process upon Plaintiff exposed him to his friends and acquaintances in the Jones County Sheriff's Department to false or misleading charges, allegations, and claims that Plaintiff does not pay his debts.

62.   The Jones County Sheriff's deputy served Plaintiff in public in the presence of his neighbors.

63.   Service of process in the presence of Plaintiff's neighbors exposed Plaintiff to public curiosity regarding the reasons why Plaintiff was served with process.

64.   A neighbor later asked the Plaintiff the reason for the Sheriff deputy's visit.

65.   The public curiosity and questioning caused Plaintiff emotional distress and unnecessarily embarrassed Plaintiff.

66.   Incorrectly believing he could demonstrate to personnel at the BIBB COUNTY MAGISTRATE COURT that the wrong person had been served, Plaintiff drove from his home to the Bibb County Courthouse to present his identity papers, incurring thereby lost time and pleasure with his family and mileage expenses in amounts to be proved at trial.

67.    The personnel at the Bibb County Courthouse caused Plaintiff further embarrassment by refusing to accept his explanation and advised him to consult with Georgia Legal Services Program or others obtain a lawyer to answer within the time allowed by law the *Statement of Claim* served upon him by the Jones County Sheriff's deputy.

68.   Without any further investigation whatsoever about the actual facts of the service of process upon Plaintiff, including without limitation the fact that the Jones County Deputy Sheriff did not serve the real and actual Jeffrey L. Lambeth, Defendants counsel RVO prepared on July 27, 2018, a *Motion to Transfer Case.*

69.   **Exhibit G** hereto attached and incorporated here fairly depicts the said July 27, 2018, *Motion to Transfer.*

70.   In the July 27, 2018, *Motion to Transfer.* RVO stated over the signature of its associate attorney Cherie A. Tadday the following false statements: (a) "Service was perfected upon the Defendant." (b) "Counsel for Plaintiff has discovered that Defendant resides in Jones County, not Bibb County as originally pled."

71.   In fact neither RVO nor its associate Cherice A. Tadday perfected service upon the defendant in the collection action.

72.    In fact, RVO obtained service upon the Plaintiff herein, Jeffrey Alison Lambeth, who is not the defendant in the collection action.

73. In fact, RVO as counsel for Cavalry did not "discover" that the defendant in the collection action resides in Jones County, and not Bibb County as originally pled.

74. In fact, RVO as counsel for Cavalry conducted no further investigation other than reading the Jones County Sheriff's Entry of Service dated 1 July 2018 in which the Jones County Sheriff's Deputy stated that he had served "Jeffrey Lambeth personally with a copy of the within action and summons."

75. The Jones County Sheriff's Entry of Service dated 1 July 2018, **Exhibit E**, is false because the Jones County Sheriff's deputy who served "Jeffrey Lambeth" did not serve Jeffrey L. Lambeth; instead, he served Plaintiff who is Jeffrey Alison Lambeth.

76. RVO as counsel for Cavalry conducted no investigation whatsoever to determine the identity of the person who had been served at the Big Oak Drive address in Jones County.

77. On July 27, 2018, Plaintiff retained counsel and incurred thereby lost time and pleasure with his family, mileage, parking, attorneys fees, and other expenses; and, Plaintiff continues to incur lost time and pleasure with his family, mileage, parking, attorneys fees, and other expenses in connection with the defense of the collection action and from the fallout from the improper service of process upon Plaintiff.

78.   On July 30, 2018, Plaintiff's counsel prepared and served upon Defendants by certified mail, return receipt requested, an ante litem notice pursuant to OCGA § 10-1-399(b) and other laws.

79.   **Exhibit H** hereto attached and incorporated here fairly depicts the said July 30, 2018, ante litem notice served upon Defendants.

80.   In addition, on July 30, 2018, Plaintiff's counsel prepared and served a copy of the said July 30, 2018, ante litem notice upon Defendants by email in an effort to mitigate Plaintiff's damages by obtaining Defendants' early, voluntary dismissal of the Plaintiff from the collection action so that attendance at hearings would be unnecessary.

81.   **Exhibit I** hereto attached and incorporated here fairly depicts the said July 30, 2018, email addressed to Cherice A. Tadday to which was attached the said July 30, 2018, ante litem notice.

82.   According to the return receipt and the United States Postal Service ('USPS') online records, Defendants received the paper copy of the said July 30, 2018, ante litem notice on August 3, 2018.

83.   **Exhibit J** hereto attached and incorporated here fairly depicts the said return receipt and the relevant portion of the online records of USPS evidencing Defendants' receipt on August 3, 2018, of the said July 30, 2018, ante litem notice.

84.  Counsel for Plaintiff demanded a hearing on Defendants' motion to transfer the collection action to Jones County Magistrate Court upon the ground that Defendants had not served the defendant in the collection action.

85.  The Bibb County Magistrate Court ordered a hearing for Wednesday, August 15, 2018, on Defendants' *Motion to Transfer* in the collection action.

86.  Plaintiff incurred mileage, parking costs, attorneys fees and costs to attend the hearing on August 15, 2018.

87.  Defendants did not appear at the August 15 hearing to prosecute their *Motion to Transfer* the collection action.

88.  Bibb County Magistrate Court DENIED the *Motion to Transfer* but did not dismiss the Plaintiff from the collection action.

89.  Bibb County Magistrate Court ORDERED a hearing on Plaintiff's *Motion to be Dismissed* from the collection action for August 24, 2018.

90.  Plaintiff's counsel sought from Defendants advance information regarding Defendants' intention concerning the August 24, 2018, hearing.

91.  **Exhibit K** hereto attached and incorporated here fairly depicts the email exchange in which Plaintiff's counsel sought to mitigate Plaintiff's damages by obtaining advance notice of the Defendants' intentions for the hearing set for August 24, 2018.

92.  Plaintiff incurred attorneys fees and postage to prepare and serve a Notice to Produce in preparation for the August 24, 2018, hearing.

93.   Defendants failed before August 24, 2018, to communicate to Plaintiff's counsel Defendants' intention to quash service in the collection action.

94.   Plaintiff and his counsel attended the August 24, 2018, hearing incurring therefrom mileage, parking, attorneys fees, and other damages.

95.    At the August 24, 2018, hearing Defendants' Counsel announced its intention to move to quash service upon Plaintiff, so moved, and obtained the order fairly depicted in **Exhibit L** hereto attached and incorporated here.

**Count 1: FDCPA Liability**

96.   Plaintiff by this reference adopts and re-alleges as if fully set forth here numbered paragraphs 1 through 95 of this *Complaint*.

97.  Defendants violated 15 USC § 1692d and the least sophisticated consumer standard by, in addition to all the foregoing: misrepresenting Jeffrey L. Lambeth's name in the *Statement of Claim* when it used there the more ambiguous name, *Jeffrey Lambeth*; by causing service of process upon Plaintiff who was not the real and true defendant in the collection action; by filing with the BIBB COUNTY MAGISTRATE COURT and by delivering to Plaintiff the *Motion to Transfer* the collection action to JONES COUNTY MAGISTRATE COURT when Plaintiff was not in fact the real and true defendant in the collection action; by misrepresenting to the BIBB COUNTY MAGISTRATE COURT and to Plaintiff that Defendants had "discovered" in Jones County their real and true defendant in the collection action when in fact they had not and had, in fact, conducted no reasonable investigation to

establish Plaintiff's identity; and by failing voluntarily to dismiss the Plaintiff from the collection action and/or to quash the service of process upon him to mitigate his damages before Plaintiff incurred his below described damages.

98.  Defendants violated 15 USC § 1692e, including 1692e(2)(A), (5), (7), (10), and the least sophisticated consumer standard by, in addition to all the foregoing: misrepresenting Jeffrey L. Lambeth's name in the *Statement of Claim* when it used there the more ambiguous name, *Jeffrey Lambeth*; by causing service of process upon Plaintiff who was not the real and true defendant in the collection action; by filing with the BIBB COUNTY MAGISTRATE COURT and by delivering to Plaintiff the *Motion to Transfer* the collection action to JONES COUNTY MAGISTRATE COURT when Plaintiff was not in fact the real and true defendant in the collection action; by misrepresenting to the BIBB COUNTY MAGISTRATE COURT and to Plaintiff that Defendants had "discovered" in Jones County their real and true defendant in the collection action when in fact they had not and had, in fact, conducted no reasonable investigation to establish Plaintiff's identity; and by failing voluntarily to dismiss the Plaintiff from the collection action and/or to quash the service of process upon him to mitigate his damages before Plaintiff incurred his below described damages.

99.   Defendants violated 14 USC § 1692f, including 192f(1), and the least sophisticated consumer standard by, in addition to all the foregoing: misrepresenting Jeffrey L. Lambeth's name in the *Statement of Claim* when it used

there the more ambiguous name, *Jeffrey Lambeth*; by causing service of process upon Plaintiff who was not the real and true defendant in the collection action; by filing with the BIBB COUNTY MAGISTRATE COURT and by delivering to Plaintiff the *Motion to Transfer* the collection action to JONES COUNTY MAGISTRATE COURT when Plaintiff was not in fact the real and true defendant in the collection action; by misrepresenting to the BIBB COUNTY MAGISTRATE COURT and to Plaintiff that Defendants had "discovered" in Jones County their real and true defendant in the collection action when in fact they had not and had, in fact, conducted no reasonable investigation to establish Plaintiff's identity; and by failing voluntarily to dismiss the Plaintiff from the collection action and/or to quash the service of process upon him to mitigate his damages before Plaintiff incurred his below described damages.

100.   The Defendants' violations of the FDCPA, as alleged above, caused plaintiff not less than $1,902.52 in direct economic damages and estimated hedonic damages, as follows:

| Description | Amount | |
|---|---|---|
| P's 1st Trip, to Court, GLSP, etc, Mileage = 11 | $ 6.16 | @$0.56/mile |
| P's 1st Trip: Parking = 0 | $ 0.00 | not incurred |
| P's 1st Trip: Time away from home, 2.5 hrs | $ 750.00 | @ $300.00/hr |
| P's 2nd Trip, to retain counsel, mileage = 9 | $ 5.04 | @$0.56/mile |
| P's 2nd Trip: Parking = 0 | $ 0.00 | not incurred |
| P's 2nd Trip: Time away from home = 1.0 hr | $ 300.00 | @ $300.00/hr |

| Description | Amount | |
|---|---:|---|
| Postage incurred | $ 2.00 | |
| P's 3rd Trip, to Court for 08/15/18 hearing, mileage = 11 | $ 6.16 | @$0.56/mile |
| P's 3d Trip, Parking = $1.00 | $ 1.00 | incurred |
| P's 3d Trip, Time away from home = 1.25 hrs | $ 375.00 | @ $300.00/hr |
| P's 4th Trip, to Court for 08/24/18 hearing, mileage = 11 | $ 6.16 | @$0.56/mile |
| P's 4th Trip, Parking = $1.00 | $ 1.00 | incurred |
| P's 4th Trip, Time away from home = 1.5 hr | $ 450.00 | @ $300.00/hr |
| | $ 1,902.52 | Total |

101.  The fact finder will establish Plaintiff's total damages.

102.  Plaintiff incurred not less than $5,210.00 in reasonable and necessary attorneys fees for the successful defense against the wrongful service of process in the collection action.

103.  Plaintiff incurred not less than $100.46 in reasonable and necessary costs for the successful defense against the wrongful service of process.

104.  Plaintiff incurred not less than an estimated $5,000.00 in emotional distress damages arising from public embarrassment, public humiliation, and anxiety from the wrongful service of process, the actual amount to be established at trial by the Court or jury.

105.  For the Defendants' violation of the FDCPA, Defendants are jointly and severally liable to Plaintiff for additional statutory damages the maximum $1,000.00 allowed by 15 USC § 1692k(a)(2(A).

106.   Plaintiff incurred an estimated minimum of $13,212.92 in total actual damages, calculated as follows:

| Damage | Amount | |
|---|---|---|
| Actual Personal Economic & Estimated Hedonic Damages | $ | 1,902.52 |
| Actual Personal Estimated Emotional Distress Damages | $ | 5,000.00 |
| Actual Attorneys Fees Incurred | $ | 5,210.00 |
| Actual Attorneys Costs Incurred | $ | 100.40 |
| FDCPA Statutory Damages | $ | 1,000.00 |
| TOTAL ACTUAL DAMAGES | $ | 13,212.92 |

107.   In addition to the foregoing damages, and for the successful prosecution of his FDCPA claim(s), Defendants are jointly and severally liable to Plaintiff for his reasonable attorneys fees and the costs of this action.

**Count 2: FBPA Liability**

108.   Plaintiff by this reference adopts and re-alleges as if fully set forth here numbered paragraphs 1 through **107** of this *Complaint*.

109.   Cavalry's attempt by and through its agents and attorneys to collect from the Plaintiff amounts from Plaintiff which were neither expressly authorized by any agreement between Plaintiff and any assignor of Cavalry nor permitted by law, as alleged above, impermissibly confused in the public record the Plaintiff with the real and true defendant in the collection action and thereby harmed the public consumer market place.

110.   Cavalry, by and through its agents and attorneys, intentionally, recklessly, and/or negligently violated the FBPA when it violated the FDCPA.

111.   Cavalry is liable to Plaintiff, in addition to all his other remedies, for Plaintiff's actual damages for Cavalry's intentional, reckless, or negligent violations of the FBPA under principles of *respondiat superior*.

112.   Cavalry is liable to Plaintiff, in addition to all his other remedies, for treble damages for its intentional violation of the FBPA.

113.   Cavalry is liable to Plaintiff, in addition to all his other remedies, for exemplary damages for its intentional violation of the FBPA.

114.   Cavalry is liable to Plaintiff for his reasonable attorneys fees and costs of litigation to secure his remedies under the FBPA.

**Count 3: UDPTEA Liability**

115.   Plaintiff by this reference adopts and re-alleges as if fully set forth here numbered paragraphs 1 through **114** of this *Complaint*.

116.   Because Cavalry's violations of the FBPA were directed toward the Plaintiff who was at all times relevant to this *Complaint* an elder and because the violations constituted an attempt to take from Plaintiff his retirement savings, income, and benefits to pay a debt he did not owe, Cavalry is liable to Plaintiff, in addition to all his other remedies, for punitive damages in an amount to be established by the Court and for reasonable attorneys fees and costs to recover the punitive damages.

**Count 4: Tort Liability**

117.   Plaintiff by this reference adopts and re-alleges as if fully set forth here numbered paragraphs 1 through **116** of this *Complaint*.

118.   OCGA § 16-4-1 provides, "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."

119.   OCGA § 16-5-100(6) in pertinent part provides that the word "exploit" means "… illegally or improperly using a[n] … elder person or that person's resources through … deception, false representation, false pretense, or other similar means for one's own or another person's profit or advantage."

120.   OCGA § 16-5-102 creates a public and private duty to avoid the knowing and willful exploitation of an elder person.

121.   Plaintiff is at all times relevant to this *Complaint* an *elder person* as defined by OCGA § 16-5-100(4) for purposes of OCGA § 16-5-100 *et seq*.

122.   When Defendants knowingly and/or recklessly violated the FDCPA, the FBPA, and/or the UDPTEA as above described, the Defendants committed the attempted  financial exploitation of an elder person by attempting to take from him his retirement savings, income, and benefits to pay a debt he did not owe.

123.   When Defendants knowingly and/or recklessly violated the FDCPA, the FBPA, and/or the UDPTEA as above described, the Defendants commandeered

and took Plaintiff's resources, including his time, attention, and money for its own or another's profit or advantage, as above described.

124.  OCGA § 51-1-6 provides, "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

125.  OCGA § 51-1-7 provides, "Injury suffered in common with the community, though to a greater extent, will not give a right of action to an individual for the infraction of some public duty. In order for an individual to have such a right of action, there must be some special damage to him, in which the public has not participated."

126.  OCGA § 51-1-8 provides: "Private duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action."

127.  Defendants are therefore liable to Plaintiff in tort for their public and/or private violations of OCGA § 16-4-1 for attempting to exploit the Plaintiff in violation of OCGA § 16-5-100 *et seq*.

128.  Defendants are therefore liable to Plaintiff in tort for their public and/or private violations of OCGA § 16-5-100 *et seq*. for exploiting Plaintiff.

129.   Defendants' behavior in violating as above described the FDCPA, the FBPA, the UDPTEA, and OCGA § 16-4-1 and OCGA § 16-5-100 et seq.

demonstrates such willful misconduct, fraud, wantonness, oppression, or such an entire want of care as would raise the presumption of conscious indifference to the consequences of their acts and failures to act.

130.  Defendants are therefore liable to Plaintiff for his general, special, direct, consequential, compensatory, additional, and punitive damages; and for reasonable and necessary attorneys fees and costs to recover the same.

JURY DEMAND

131.  Plaintiff demands a trial by a jury of his peers.

WHEREFORE Plaintiff prays: (A) for judgment against the Defendants, jointly and severally, for his actual and statutory damages in an amount not less than $13,212.92, and for his reasonable attorneys fees and costs pursuant to the FDCPA; (B) for judgment against Cavalry, in addition to all Plaintiff's other remedies, for Plaintiff's actual damages in an amount not less than $13,212.92, treble damages in an amount not less than $39,638.76, and exemplary damages to be determined the finder of fact, and reasonable attorneys fees and costs pursuant to the FBPA; (C) for judgment against Cavalry for punitive damages to be determined the finder of fact and reasonable attorneys fees and costs pursuant to the UDPTEA; (D) for judgment against Defendants, jointly and severally, for Plaintiff's damages in tort including, but not limited to, his general, special, direct, consequential, and compensatory damages in an amount not less than $13,212.92, plus additional and punitive damages in an amount to be determined by the finder of fact; and for his

reasonable and necessary attorneys fees and costs to recover the same; (E) and for such other and further legal and equitable relief as the Court may deem meet, proper, and just under all the circumstances of this case.

Respectfully submitted this 7th day of September 2018 by:

ADDLETON LTD CO

by: s\ *David F. Addleton*
David F Addleton
Attorney for Plaintiff
Georgia Bar # 005050

PO Box 416
Macon Georgia 31202
voice: 404.797.7166
fax: 888.398.0898
dfaddleton@gmail.com

## Exhibit A

Cardholder Name: JEFFREY L LAMBETH
Account Number: ████████ 3133
Statement Closing Date:   02/08/2015

SONY FINANCIAL SERVICES/SYNCB

Cardholder Name: JEFFREY L LAMBETH
Account Number: ████████ 3133
Statement Closing Date: 02/08/2015

| Summary of Account Activity | |
|---|---|
| Previous Balance | $2,715.28 |
| + New Purchases | $0.00 |
| - Payments | $0.00 |
| +/- Credits, Fees & Adjustments (net) | $2,715.28- |
| +/- Interest Charge (net) | $0.00 |
| **New Balance** | **$0.00** |
| Credit Limit | $2,500.00 |
| Available Credit | $0.00 |
| Days in Billing Period | 26 |

Pay online for free at: mysynchrony.com
For Synchrony Bank customer service or to report your
card lost or stolen, call 1-866-396-8254.

Best times to call are Wednesday - Friday

| Payment Information | |
|---|---|
| New Balance | $0.00 |
| Total Minimum Payment Due | $738.00 |
| Payment Due Date | 02/10/2015 |

PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.
We may convert your payment into an electronic debit. See
reverse side.

Late Payment Warning: If we do not receive your Total
Minimum Payment Due by the Payment Due Date listed above,
you may have to pay a late fee up to $35.00.

### Promotional Expiration Notification

YOU MUST PAY EACH PROMOTIONAL BALANCE IN FULL BY ITS EXPIRATION DATE TO AVOID PAYING DEFERRED
INTEREST CHARGES. PLEASE SEE THE PROMOTIONAL PURCHASE SUMMARY SECTION ON THIS STATEMENT
FOR FURTHER DETAILS. YOU HAVE A PROMOTION(S) EXPIRING ON 07/13/16

### Promotional Purchase Summary

| Promotional Expiration Date | Promotional Balance | Deferred Interest Charge | Tran Date | Description | Initial Purchase Amount |
|---|---|---|---|---|---|
| 07/13/2016 | $2,500.00 | $0.00 | 07/12/2014 | Deferred Interest/No Interest If Paid in Full | $2,500.00 |

A summary of your promotional purchase is provided above.
If you have a DEFERRED INTEREST/NO INTEREST IF PAID IN FULL promotion. To avoid paying Deferred Interest Charges
on these promotion(s), you must pay the entire applicable Promotional Balance by the Promotional Expiration Date.

To make more than one payment see Make Payment To address or pay online at mysynchrony.com

### Transaction Summary

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 02/08/2015 | 02/08/2015 | F912000170090990 | CHARGE OFF ACCOUNT-PRINCIPALS | $2,500.00 CR |
| 02/08/2015 | 02/08/2015 | F912000170090990 | CHARGE OFF ACCOUNT *FINANCE CHARGES* | $250.28 CR |
| | | | **FEES** | |
| 02/05/2015 | 02/05/2015 | | LATE FEE | $35.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | **$35.00** |
| | | | **INTEREST CHARGED** | |
| 02/08/2015 | 02/08/2015 | | INTEREST CHARGE ON PURCHASES | $0.00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **$0.00** |

| 2015 Totals Year-to-Date | |
|---|---|
| Total Fees Charged in 2015 | $70.00 |
| Total Interest Charged in 2015 | $4.94 |
| Total Interest Paid in 2015 | $0.00 |

*NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

3302    CKV    1    3  10  150269      3 X PAGE 1 OF 3       5120  1480  0042  01C25332

Pay online at mysynchrony.com or enclose this coupon with your check. Please use blue or black ink.

**Sony Financial Services**

| Total Minimum Payment Due | Past Due Amount | Payment Due Date | New Balance | Account Number |
|---|---|---|---|---|
| $738.00 | $0.00 | 02/10/2015 | $0.00 | ████████ 3133 |

Payment Enclosed : $ ☐☐☐☐☐ . ☐☐

☐ New address or e-mail?
Check the box at left and
print changes on back

Payment due includes $ 0.00 past due. Please pay the past due amount PROMPTLY.
If you only pay the Total Minimum Due it may not pay off the Promotional Purchase by the Expiration Date

JEFFREY L LAMBETH
181 CAMBRIDGE WAY
MACON GA 31220-8736

Make Payment to: SYNCHRONY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

JEFFREY L LAMBETH
181 CAMBRIDGE WAY
MACON GA 31220-8736

## Exhibit B

# MAGISTRATE COURT OF BIBB COUNTY, GEORGIA

Date Filed _____

Case No: __OO9347-S__

Cavalry SPV I LLC, as Assignee of Synchrony Bank/Sony
Financial Services

c/o Rahn L. Gatewood, Esq.

Roosen Varchetti & Olivier PLLC

3520 Piedmont Rd, NE, Suite 435

Atlanta, GA 30305

**Plaintiff(s) Name, Address**

Vs

Jeffrey Lambeth

181 Cambridge Way

Macon GA 31220-8736

**Defendant(s) Name, Address**

**STATEMENT OF CLAIM**

Filed in office

_____ day of AUG 0 1 2018

Deborah Bundrage

Dep. Clerk Civil Court of Bibb County

[ ] Suit on Note    [ ] Suit on Account    [X] Other __Contract__

1.  The Court has jurisdiction over the defendant(s)   [x] the Defendant(s) is a resident of Bibb County; [ ] Other
(please specify)

2.  Plaintiff(s) claims the Defendant(s) is indebted to the Plaintiff(s) as follows (You must include a brief statement giving reasonable
notice of the basis for each claim contained in the Statement of Claim):

__Defendant is indebted to Plaintiff on a contract.__

3.  That said claim is in the amount of $2,750.28 principal, plus $104.00 court costs to date, and all future costs of this suit.
State of Georgia, Bibb County:

__Rahn L. Gatewood__ being duly sworn on oath says the foregoing is a just and true statement the amount owing by defendant(s) to
plaintiff(s), exclusive of all set-offs and just grounds of defense.

Sworn and subscribed before me this

__15th__ day of ____July_____, 2016

_____
Notary Public Attesting Official

_____ Georgia Bar No. 142660
Plaintiff(s) or Agent (of counsel)
(If Agent Title or Capacity) Attorneys for Plaintiff

__(404) 671-3333__
Day Time Phone Number

**NOTICE AND SUMMONS**

**TO: All Defendant(s)**  You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum of
$2,750.28, as shown by the foregoing statement. The court will hold a hearing upon this claim at a time to be set after your answer is filed.  YOU ARE REQUIRED
TO FILE or PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU.  IF YOU DO NOT ANSWER,
JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE
JUDGE OR CLERK.  If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period  NO TELEPHONE
ANSWERS ARE PERMITTED.

You may come to court with or without an attorney.  If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at
the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance.  If you have a claim against the
Plaintiff(s), you should notify the court by immediately filing a written answer and counterclaim.  If you admit to the Plaintiff(s)' claim but need additional time to pay,
you must come to the hearing in person and tell the court your financial circumstances.  Your answer must be RECEIVED by the clerk within 30 days of the date of
service. If you are uncertain whether your answer will timely arrive by mail, file your answer in person at the clerk's office during normal business hours.

This _____ day of _____, 20 __       _____
                                                          Magistrate or Deputy Clerk of Court

85001825                                                  MAG 10-01 STATEMENT OF CLAIM.DOC

**Exhibit C**

## ROOSEN VARCHETTI & OLIVIER – GA PLLC

P.O. Box 1186 · Smyrna, GA 30081
Telephone (404) 458-0123 · Facsimile (240) 553-1591
www.rvolaw.com

May 9, 2018

Bibb County Sheriff
P.O. Box 930
Macon, GA 31202

Re:   Cavalry SPV I LLC as Assignee of Synchrony Bank/Sony Financial
Services v Jeffrey Lambeth
Court:       Magistrate Court of Bibb County
Civil Action File No.   16-009347-S
Our File No:       85001825

Bibb County Sheriff

Please attempt service on the Defendant(s) listed below and return a copy of the Entry of Service sheet with the results of service, along with a receipt for your services, in the enclosed self-addressed, stamped envelope.    A check for your costs and an entry of service form is enclosed, as well as a self-addressed, stamped envelope.

Jeffrey Lambeth
136 Big Oak Dr
Macon GA 31211-7106

Kindly telephone me directly at (404) 458-0123 if I can be of further assistance to you in this regard.

Very truly yours,

Roosen Varchetti & Olivier - GA PLLC

Enclosure(s)

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THE PURPOSE OF THIS
COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Exhibit D**

Civil Action No. _____ 9347

Date Filed _____

Superior Court ☐
State Court ☐
Magistrate Court ☐
Bibb
Georgia, _____ County

Cavalry SPV I LLC as Assignee of Synchrony Bank/Sony Financial Services

_____ Plaintiff

**Attorney's Address**

ROOSEN VARCHETTI & OLIVIER - GA PLLC
P.O. Box 1186
Smyrna, GA 30081

VS.

JEFFREY LAMBETH

**Name and Address of Party to be Served**

Jeffrey Lambeth

136 Big Oak Dr

Macon GA 31211-7106

_____ Defendant

_____ Garnishee

OFN: 85001825

**MARSHAL/SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

James C.

This ___ 4 ___ day of ___ J—e ___ , 20/8 .

_____
Deputy

**SHERIFF DOCKET**_____ **PAGE**_____

marshalservice/2007

**Exhibit E**

Civil Action No. 16-009347-S

Date Filed _____

Superior Court ☐
State Court ☐
Magistrate Court ☐
          Bibb
Georgia, _____ County

Attorney's Address

ROOSEN VARCHETTI & OLIVIER - GA PLLC
P.O. Box 1186
Smyrna, GA 30081

Cavalry SPV I LLC as Assignee of Synchrony Bank/Sony
Financial Services

                                        Plaintiff

                    VS.

JEFFREY LAMBETH

Name and Address of Party to be Served
Jeffrey Lambeth

136 Big Oak Dr

Macon GA 31211-7106

OFN: 85001825

NO MOTION & ORDER FOR PROCESS
SERVER OR 2ND ORIGINAL REQUEST
FILED.

RECEIVED

JUN 25 2018

JONES CO. SHERIFF

                                        Defendant

                                        Garnishee

**PERSONAL** ☑ I have this day served the defendant _Jeffrey Lambeth_ personally with a copy of the within action and summons.

**RESIDENCE** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _1_ day of _July_, 20_18_.          Mike Pruitt 555
                                                Deputy

Time 0950

SHERIFF DOCKET _____ PAGE _____

marshalservice/2007

## Exhibit F

## MAGISTRATE COURT OF BIBB COUNTY, GEORGIA

Date Filed _____

Case No: _____

Cavalry SPV I LLC, as Assignee of Synchrony Bank/Sony
Financial Services

c/o Rahn L. Gatewood, Esq.

Roosen Varchetti & Olivier PLLC

3520 Piedmont Rd, NE, Suite 435

Atlanta, GA 30305

**Plaintiff(s) Name, Address**

Vs

Jeffrey Lambeth

~~181 Cambridge Way~~ 136 Big Oak Dr.

Macon GA ~~31220-8736~~ 31211

**Defendant(s) Name, Address**

### STATEMENT OF CLAIM

[ ] Suit on Note  [ ] Suit on Account  [X] Other Contract

1. The Court has jurisdiction over the defendant(s)  [x] Defendant(s) is a resident of Bibb County; [ ] Other
(please specify)

2. Plaintiff(s) claims the Defendant(s) is indebted to the Plaintiff(s) as follows (You must include a brief statement giving reasonable
notice of the basis for each claim contained in the Statement of Claim):

Defendant is indebted to Plaintiff on a contract.

3. That said claim is in the amount of $2,750.28 principal, plus $104.00 court costs to date, and all future costs of this suit.
State of Georgia, Bibb County:

Rahn L. Gatewood being duly sworn on oath says the foregoing is a just and true statement the amount owing by defendant(s) to
plaintiff(s), exclusive of all set-offs and just grounds of defense.

Sworn and subscribed before me this

____ day of ____, 2016

Notary Public Attesting Officer

_____
Georgia Bar No. 142660

Plaintiff( )or Agent (of counsel)
(If Agent, Title or Capacity) Attorneys for Plaintiff

(404) 671-3333
Day Time Phone Number

### NOTICE AND SUMMONS

**TO: All Defendant(s)** You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum of
$2,750.28, as shown by the foregoing statement. The court will hold a hearing upon this claim at a time to be set after your answer is filed. YOU ARE REQUIRED
TO FILE or PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER,
JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE
JUDGE OR CLERK. If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. NO TELEPHONE
ANSWERS ARE PERMITTED.

You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at
the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance. If you have a claim against the
Plaintiff(s), you should notify the court by immediately filing a written answer and counterclaim. If you admit to the Plaintiff(s)' claim but need additional time to pay,
you must come to the hearing in person and tell the court your financial circumstances. Your answer must be RECEIVED by the clerk within 30 days of the date of
service. If you are uncertain whether your answer will timely arrive by mail, file your answer in person at the clerk's office during normal business hours.

This _____ day of **AUG 0 1 2018**, 20 ___

Deborah Bundrage
Magistrate or Deputy Clerk of Court

MAG 10-01 STATEMENT OF CLAIM DOC

85001825

**Exhibit G**

IN THE MAGISTRATE COURT OF BIBB COUNTY

STATE OF GEORGIA

CAVALRY SPV I LLC,                          )
                                            )
            Plaintiff,                      )
                                            )        CIVIL ACTION
v.                                          )
                                            )        FILE NO. 16-009347-S
JEFFREY LAMBETH,                            )
                                            )
            Defendant.                      )
_____)

### PLAINTIFF'S MOTION TO TRANSFER CASE

COMES NOW, Cavalry SPV I LLC, Plaintiff in the above-styled action, and hereby files this, its Motion to Transfer Case to the Magistrate Court of Jones County, respectfully showing this Court as follows:

This case was filed in this Court on August 1, 2016. Service was perfected upon Defendant. Counsel for Plaintiff has discovered that Defendant resides in Jones County, not Bibb County as originally pled. Therefore, venue is not proper in this Court. Venue is proper in the Magistrate Court of Jones County. Therefore, Plaintiff respectfully requests that this Court transfer this case to the Magistrate Court of Jones County.

This _____ day of _____ JUL 27 2018 _____, 2018.

Respectfully submitted,

ROOSEN VARCHETTI & OLIVIER – GA PLLC

_____
Cherice A. Tadday
Georgia Bar No. 991000
Attorneys for Plaintiff

P.O. Box 1186
Smyrna, GA 30081
(404) 458-0123

85001825

Page 31

**Exhibit H (this and next 2 pages)**

## DAVID F ADDLETON

ATTORNEY AT LAW

MAIL
Post Office Box 416
Macon Georgia 31202-0416
dfaddleton@gmail.com

PRACTICING CONSUMER LAW AS
**ADDLETON LTD CO**

voice: 404.797.7166
fax: 1.888.398.0898

30 July 2018

VIA USPS Certified Mail Return Receipt Requested
Item Number 7013 2250 0000 7873 5361
Return Receipt 9590 9402 2376 6249 0969 43

TO:

CAVALRY SPV I LLC
% ROOSEN VARCHETTI & OLIVIER - GA PLLC
PO Box 1186
Smyrna GA 30081

& TO:

ROOSEN VARCHETTI & OLIVIER - GA PLLC
PO Box 1186
Smyrna GA 30081

RE: Cavalry SPV I LLC claiming a/a/o Synchrony Bank/Sony Financial Services
v. Jeffrey Lambeth, BIBB COUNTY MAGISTRATE COURT Civil Action File Number
16-009347-S
— Your service copy Jeffrey Alison Lambeth's *Answer*
— Ante litem demands
— Spoliation Notice

Ladies and Gentlemen,

Hereafter 'you' and 'your' refers collectively to Cavalry SPV I LLC and to Roosen
Varchetti & Olivier - GA PLLC.

Your real and true defendant in the captioned action is Jeffrey Lee Lambeth, a 40
year old male. When drafting the *Statement of Claim* two years ago you intentionally
omitted his middle initial, knowing full well that the omission would later create
confusion to justify serving anyone with a similar name. After two years and several
failed attempts to serve your real and true defendant, you intentionally decided to serve
Jeffrey Alison Lambeth, a 71 year old decorated combat veteran. Their names are
different. Their dates of birth and Social Security numbers are different. Their address
and employment history are different. They are different people. You did not serve your
real and true defendant when you served Jeffrey Alison Lambeth in public at his Jones
County residence.

You have access to commercial consumer information services and viewed data for both Jeffrey Lee Lambeth and Jeffrey Alison Lambeth when deciding to purchase the account, when attempting to collect it, when preparing the lawsuit, and when attempting service all those several times.

Jeffrey Alison Lambeth has already incurred real, substantial, concrete damages. These damages include the acute embarrassment caused by the improper, public service of the *Summons* and *Statement of Claim*; stress and anxiety the lawsuit caused this ailing war hero who takes care of his ninety-five year old mother. Between his mother's medical appointments and his own, my client had precious little time in which to learn about his obligations to respond to the *Summons*. The wrongful service of process upon the wrong person in the wrong venue should never have happened. The wrongful service of process on the wrong person commandeered his resources of time, attention, and money to respond to the spurious lawsuit. The acute stresses from embarrassment, anxiety, and insomnia have aggravated his medical conditions. He has incurred actual monetary damages from mileage incurred to learn about his obligations and to secure representation to defend against the spurious action. You now control mitigation of my client's actual damages: if you prosecute this spurious claim against my client, Jeffrey Alison Lambeth, his actual damages from attorneys fees and expenses incurred to defend himself can only increase.

We will file a federal lawsuit in four counts unless we settle my client's claims within the 30 days next following your receipt of this letter. Count 1 will cover all the *Fair Debt Collection Practices Act* violations for intentional service upon the wrong person in the wrong venue with a spurious consumer debt collection lawsuit. Counts 2 and 3, directed to Cavalry SPV I LLC, will state claims under the FAIR BUSINESS PRACTICES ACT and the UNFAIR OR DECEPTIVE PRACTICES TOWARD THE ELDERLY ACT. Count 4 will state tort claims against you under OCGA § 51-1-6, -7, and -8 for violations of state policies embodied in OCGA § 16-5-100 *et seq.* and in the DISABLED ADULTS AND ELDER PERSONS PROTECTION ACT, OCGA § 30-5-1 *et seq.* Intentional and reckless tort theories expose you to punitive damage liability for illegally commandeering an elder's resources.

We calculate our client's actual damages at this time at about $5,000. With the addition of $1,000 in statutory damages, we expect our client to recover, if this matter goes to trial, not less than $6,000 under the FDCPA, treble that amount under the FBPA, plus exemplary and punitive damages under statutory and tort theories. In each case, reasonable attorneys fees and costs would be added to that total. We will therefor make a compromise demand for $10,000.00 to settle the case without resort to federal litigation if the settlement is concluded within thirty days of your receipt of this letter.

Because we anticipate litigation, this letter is your notice to marshal and to secure against any loss, alteration, damage, or destruction, all evidence potentially relevant to our client's claims. We expect to demand production of all paper and electronic files, emails, and recordings evidencing or preserving information pertaining to both your true and real defendant (Jeffrey Lee Lambeth) and our client, Jeffrey Alison Lambeth;

your efforts to prevent serving the wrong person in the wrong venue with the spurious lawsuit, together with all relevant training manuals, memoranda, and materials.

We look forward to hearing from you soon because we hope to conclude this matter efficiently and without undue cost to any party to this dispute.

With Best Regards

David F Addleton

enc as indicated
cc: Jeffrey Alison Lambeth

## Exhibit I (this and next page)

 Gmail

David Addleton <dfaddleton@gmail.com>

### Cavalry v Lambeth: Bibb Mag 16-009347-S

**David Addleton** <dfaddleton@gmail.com>                                     Mon, Jul 30, 2018 at 3:01 PM
To: Cherice Tadday <cherice.tadday@rvolaw.com>

Hello Ms Tadday!

My client, Jeffrey Alison Lambeth, called moments ago to inform me that you have moved to transfer the captioned case to Jone County Magistrate Court. Is this true?

For your information, I have agreed to represent Jeffery **Alison** Lambeth and today filed his Answer, copy attached. Your service copy is in the mail, sent certified, because it includes an ante litem demand letter, copy attached, for a subsequent federal lawsuit which we will file if you prosecute this action any further and we fail to settle within 30 days.

As you can see from your own records, and from Accurint and/or TLO reports, and the exhibits attached to the Statement of Claim, your real and true defendant is Jeffrey **Lee** Lambeth. You and your client have actual knowledge that you have served the wrong person because Jeffrey **Lee** Lambeth and Jeffrey Alison Lambeth are two quit different individuals. Jeffery **Lee** Lambeth  is a 40 year old male with no connection whatsoever to Big Oak Drive in Jones County. And, my client, **Jeffery Alison Lambeth**, is a 71 year old decorated combat veteran in declining health. Besides their different names, they have different Social Security Numbers, different date of birth, and their employment and address histories are completely different.

Your continued prosecution of this case against the wrong person will cost you and your client attorneys fees each time I must address this case. I urge you to stop your prosecution of my client immediately, to dismiss him promptly from the case, and to settle Jeffery Alison Lambeth's claims against your firm and your client within 30 days.

With best regards

David F Addleton
Attorney at Law

practicing consumer law as
ADDLETON LTD CO
PO Box 416
Macon GA 31202
478.227.9007
888.398.0898 fax
dfaddleton@gmail.com

Truth has never damaged a just cause, but there is no crime,
**dodge, trick, swindle, or vice that does not live by secrecy.**

*Member:* NACA* & GTLA**
AV rated by Martindale: http://www.martindale.com/Mr-David-F-Addleton/865884-lawyer.htm
* http://www.consumeradvocates.org/
** www.gtla.org
I am not your lawyer unless, and until, we agree, in a writing you and I actually sign, to the terms and conditions of my engagement on your behalf.
TAX ADVICE DISCLOSURE: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing

7/30/2018                                      Gmail - Cavalry v Lambeth: Bibb Mag 16-009347-S

or recommending to another party any matters addressed herein.

NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, transmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this communication in error, and delete the copy you received. Thank you.

---

**3 attachments**

**Ante Litem Demand.pdf**
689K

**Settlement Proposal 1.pdf**
544K

**Answer FILED.pdf**
875K

**Exhibit J (this and next page)**

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package +

**Tracking Number:** 70132250000078735361

Remove ✕

Your item was picked up at a postal facility at 8:55 am on August 3, 2018 in SMYRNA, GA 30080.

## ⊘ Delivered

August 3, 2018 at 8:55 am
Delivered, Individual Picked Up at Postal Facility
SMYRNA, GA 30080

## Exhibit K (this and next five pages)

 **Gmail**            David Addleton <dfaddleton@gmail.com>

## STATUTORY ELECTRONIC SERVICE

**David Addleton** <dfaddleton@gmail.com>          Thu, Aug 16, 2018 at 10:24 AM
To: Cherice Tadday <cherice.tadday@rvolaw.com>

RE:
Cavalry SPV I LLC v Jeffrey Lambeth
Bibb County Magistrate Court CAFN 16-009347-S

Hello Ms Tadday!
No one appeared for the Plaintiff at yesterday's hearing on *Plaintiff's Motion to Transfer Case*.
For reasons unknown to me, the Court denied the *Plaintiff's Motion to Transfer Case*.
We argued that the *Motion to Transfer* should be denied because the Defendant has not been served.
The Court told us to appear next Friday, to argue our motion to dismiss Mr Jeffrey Alison Lambeth from the case.
Your real and true defendant is Jeffrey Lee Lambeth who has not yet been served in this case.
Jeffrey Lee Lambeth has never lived at Big Oak Drive in Jones County.
My client, Jeffrey Alison Lambeth, has a different date of birth, social security number, address history, and employment history from your real and true defendant, Jeffrey Lee Lambeth.
I have previously asked you voluntarily to dismiss my client from this case.
I have not heard any response from you or from anyone at Roosen Varchetti & Olivier to our initial ante litem demand letter which you received on August 3, 2018.
Although we have tried to mitigate damages by calling these facts to your attention, my client incurred damages to attend the hearing yesterday including, mileage, time away from his family, parking, and attorneys fees.
A second hearing next Friday will only further increase my client's damages if he and I are forced to attend, again, the next hearing.
Only you can mitigate my client's damages by dismissing my client from this case.
Only you can provide us with the professional courtesy to inform us whether plaintiff intends to appear at the next hearing or not.
In anticipation of the next hearing and to encourage you to actually investigate the true facts that you served the wrong "Jeffrey Lambeth" when you served my client Jeffrey Alison Lambeth in Jones County we have prepared a *Notice to Produce* which we are serving upon you as required by law; tracking number appear in the *Notice to Produce* and in its *Certificate of Service*.
A copy of the *Notice to Produce*, which includes an informal notice of the hearing set for August 24 at 10AM, is attached to this email.

--
With best regards

David F Addleton
Attorney at Law
practicing consumer law as
ADDLETON LTD CO
PO Box 416
Macon GA 31202
478.227.9007 voice
888.398.0898 fax
dfaddleton@gmail.com

## Truth has never damaged a just cause, but there is no crime, dodge, trick, swindle, or vice that does not live by secrecy.

*Member:* NACA* & GTLA**

AV rated by Martindale: http://www.martindale.com/Mr-David-F-Addleton/865884-lawyer.htm
* http://www.consumeradvocates.org/
** www.gtla.org
I am not your lawyer unless, and until, we agree, in a writing you and I actually sign, to the terms and
conditions of my engagement on your behalf.
NOTICE: This communication may contain privileged or other confidential information. If you are not the
intended recipient, or believe that you have received this communication in error, please do not print,
copy, transmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you
have received this communication in error, and delete the copy you received. Thank you.

---

**3 attachments**

 **4 Clerk Cover Letter.pdf**
246K

 **2 2nd Orig Notice to Produce.pdf**
899K

**1 1st Orig Notice to Produce.pdf**
889K

 **Gmail**                                 **David Addleton <dfaddleton@gmail.com>**

## STATUTORY ELECTRONIC SERVICE

**Cherice Tadday** <cherice.tadday@rvolaw.com>              Thu, Aug 16, 2018 at 2:39 PM
To: David Addleton <dfaddleton@gmail.com>

I am not suggesting you file anything and will appear on Friday. Thank you.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Sincerely,**

**Cherice Tadday**
Attorney
Roosen, Varchetti & Olivier - GA PLLC
P.O. Box 1186
Smyrna, GA 30081
Direct: (404) 458 - 0123 ext 1012
Fax: (240) 553-1591

On Aug 16, 2018, at 2:30 PM, David Addleton <dfaddleton@gmail.com> wrote:

Hello Ms Tadday!
Attached please find our previous filings.
These were all served on July 30 and 31 by mail and email.
Our motion to dismiss Mr Jeffrey Alison Lambeth from the case is in our
Demand for a Hearing and in our response to your Motion to Transfer: the
defendant has not been served. It is also a defense in our Answer. I will be
happy to spend the time to prepare a more formal motion with memoranda etc
so as do this more formally, but I have sought at every turn to mitigate
damages and to focus your attention on the fact that you did not serve your
real and true defendant Jeffrey L Lambeth. Do you want my client to incur
more attorneys fees on this issue? I will assume from your email that you are
requesting the formal motion and brief, so we will incur those costs and fees
unless you notify me otherwise.
The Court served the notice for the hearing by mail.  However something must
be delaying your receipt of service copies if you did not previously receive the
attached because I never file anything without also serving opposing counsel
at a minimum by mail at the same time I file something. In this case I have sent

copies by email to you as well.

On Thu, Aug 16, 2018 at 1:57 PM Cherice Tadday
<cherice.tadday@rvolaw.com<mailto:cherice.tadday@rvolaw.com>> wrote:
Hello Mr. Addleton,

I am merely responding to the portion of this email that has to do with the court
hearing held without Plaintiff's knowledge and ruled on by the Judge yesterday.
We did not receive notice of the hearing and that is why we did not appear.  In
addition, I just spoke with the court clerk who advised me you have yet to file a
motion to dismiss to even argue about on Friday.  Regardless, we will have
someone appear to address the court next Friday.  In the meantime, I would
request a copy of anything you file between now and next Friday so we have
the opportunity to formally respond.

Again, I am only handling the state matter and any discussions regarding your
"demand packet" from early August is being handled by another attorney who
will be in contact with you soon.


THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THE PURPOSE
OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,

Cherice Tadday
Attorney
Roosen, Varchetti & Olivier - GA PLLC
P.O. Box 1186
Smyrna, GA 30081
Direct: (404) 458 - 0123 ext 1012<tel:(404)%20458-0123>
Fax: (240) 553-1591<tel:(240)%20553-1591>

From: David Addleton <dfaddleton@gmail.com<mailto:
dfaddleton@gmail.com>>
Sent: Thursday, August 16, 2018 10:25 AM
To: Cherice Tadday <cherice.tadday@rvolaw.com<mai
lto:cherice.tadday@rvolaw.com>>
[Quoted text hidden]
478.227.9007<tel:(478)%20227-9007> voice
888.398.0898<tel:(888)%20398-0898> fax
dfaddleton@gmail.com<mailto:dfaddleton@gmail.com>

Truth has never damaged a just cause, but there is no crime, dodge, trick,
swindle, or vice that does not live by secrecy.

Member: NACA* & GTLA**

AV rated by Martindale: http://www.martindale.com/Mr-David-F-
Addleton/865884-lawyer.htm
* http://www.consumeradvocates.org/
** www.gtla.org<http://www.gtla.org>
I am not your lawyer unless, and until, we agree, in a writing you and I actually
sign, to the terms and conditions of my engagement on your behalf.
NOTICE: This communication may contain privileged or other confidential
information. If you are not the intended recipient, or believe that you have
received this communication in error, please do not print, copy, transmit,
disseminate, or otherwise use the information. Also, please indicate to the
sender that you have received this communication in error, and delete the copy
you received. Thank you.
This communication is from a debt collector, any information obtained will be
used for that purpose. CONFIDENTIALITY NOTICE: This email contains
information from the law firm of Roosen, Varchetti & Olivier PLLC., which is
confidential and/or privileged. The information is intended to be for the use of
the individual(s) or entity(ies) to whom this email is addressed. If you are not
the intended recipient, be aware that any disclosure, copying, distribution or
use of the contents of this information is strictly prohibited. If you have received
this email in error, please immediately notify us by telephone at (586) 868-
2737<tel:(586)%20868-2737>, return the email to the sender, and delete the
email from your system (including from your trash). IRS CIRCULAR 230
NOTICE: Any U.S. federal tax advice contained in this communication
(including any attachments) was neither written nor intended by the sender to
be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing, or recommending to
another person any tax related matter. The name and "signature block" of
Roosen, Varchetti & Olivier PLLC. and/or its attorneys or staff in this electronic
communication shall not be construed as the signature of the firm or of any
individual, unless that intention is clearly stated in the text of the
communication.
--
With best regards

David F Addleton
Attorney at Law
practicing consumer law as
ADDLETON LTD CO
PO Box 416
Macon GA 31202
478.227.9007 voice
888.398.0898 fax
dfaddleton@gmail.com

Truth has never damaged a just cause, but there is no crime, dodge, trick, swindle, or vice that does not live by secrecy.

Member: NACA* & GTLA**

AV rated by Martindale: http://www.martindale.com/Mr-David-F-Addleton/865884-lawyer.htm
* http://www.consumeradvocates.org/
** www.gtla.org
I am not your lawyer unless, and until, we agree, in a writing you and I actually sign, to the terms and conditions of my engagement on your behalf. NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, transmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this communication in error, and delete the copy you received. Thank you.

<Answer FILED.pdf>

<Demand for Hearing FILED.pdf>

<1st Amended Demand for Hearing.pdf>

<Hearing Notice.pdf>

This communication is from a debt collector, any information obtained will be used for that purpose. CONFIDENTIALITY NOTICE: This email contains information from the law firm of Roosen, Varchetti & Olivier PLLC., which is confidential and/or privileged. The information is intended to be for the use of the individual(s) or entity(ies) to whom this email is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at (586) 868-2737, return the email to the sender, and delete the email from your system (including from your trash). IRS CIRCULAR 230 NOTICE: Any U.S. federal tax advice contained in this communication (including any attachments) was neither written nor intended by the sender to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any tax related matter. The name and "signature block" of Roosen, Varchetti & Olivier PLLC. and/or its attorneys or staff in this electronic communication shall not be construed as the signature of the firm or of any individual, unless that intention is clearly stated in the text of the communication.

**Exhibit L (this page)**

IN THE MAGISTRATE COURT OF BIBB COUNTY

STATE OF GEORGIA

CAVALRY SPV I LLC,                          )
                                            )
          Plaintiff,                        )
                                            )          CIVIL ACTION
v.                                          )
                                            )          FILE NO. 16-009347-S
JEFFREY LAMBETH,                            )
                                            )
          Defendant.                        )
_____     )

### ORDER

Upon consideration of Plaintiff's Motion to Vacate Service as to Jeffrey Alison Lambeth

in the above-styled matter, it is hereby

ORDERED AND ADJUDGED that the service of process upon Jeffrey Alison Lambeth

evidenced by the Sheriff's Entry of Service entered on or about July 1, 2018 is hereby vacated.

SO ORDERED this _24_ day of _____Aug._____, 2018.

_____
Judge, Magistrate Court of Bibb County

*Prepared and presented by:*
Cherice A. Tadday, Esq.
Georgia Bar No. 991000
Roosen Varchetti & Olivier – GA PLLC
Attorneys for Plaintiff
P.O. Box 1186
Smyrna, GA 30081
(404) 458-0123

85001825

GLORIA PHISULA, CLERK
2018 AUG 24   AM 10: 22
CLERK'S OFFICE
RECEIVED